IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DAVID A. HUDAK,**
      **Plaintiff,**

v.                                      No: 5:08cv46/RS/MD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

      Before the court is defendant Commissioner's motion to dismiss (doc. 13). Plaintiff did not respond to the motion.  The court therefore ordered that the motion be treated as a motion for summary judgment under Rule 56(b) Fed. R. Civ. P. and allowed plaintiff ten (10) days to respond and supplement the record (doc. 14).  No response has been filed.  Thus, neither party has submitted anything beyond the original complaint, motion, and memorandum and attachments thereto. Having now considered the matter thoroughly on the Commissioner's submittals and arguments, the court finds that the motion is well taken and should be granted.  As discussed more fully below, plaintiff has failed to show that the filing of this action was timely under 42 U.S.C. § 405(g), or that he is entitled to equitable tolling of the applicable 60 day period within which this action should have been commenced. Consequently, this action is untimely and summary judgment for the defendant should be granted.

A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56, F. R. Civ. P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Evidence presented by a party in opposition to the motion for summary judgment, and all factual inferences arising from it, must be viewed in the light most favorable to the non-moving party, in this case the plaintiff. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In order to prevail in his motion for summary judgment, the defendant must show that plaintiff has no evidence to support his case on the narrow issue raised in the motion. If the defendant successfully negates an essential element of plaintiff's case, plaintiff then has the burden to show the existence of a genuine issue of material fact. Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial. *Celotex*, *supra; Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994). Plaintiff must produce more than a scintilla of evidence and cannot rely upon solely conclusory allegations. *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

This is an appeal brought pursuant to 42 U.S.C. § 405(g) from a final administrative determination by the Commissioner of Social Security denying disability benefits. Appeals from adverse determinations must be brought within 60 days after the Commissioner mails the notice of his decision. 42 U.S.C. § 405(g). The decision appealed from became final with the issuance of a letter dated November 27, 2007 notifying plaintiff of its unfavorable action on plaintiff's request for review and of plaintiff's right to commence a civil action within 60 days. That letter was the notice of decision for purposes of the statute.

The Commissioner now claims that the plaintiff was untimely in filing this

action.  He says, and the court records confirm, that this action was filed on February 14, 2008.  Title 42 U.S.C. § 405(g) provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Title 20 C.F.R. § 422.210(c) provides:

> (c) Time for instituting civil action.  Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Thus, absent a reasonable showing that the notice was received more than five days after it was mailed, plaintiff had 65 days from November 27, 2007, or until January 31, 2008 within which to commence this action.  Plaintiff's complaint alleges affirmatively that the Notice of Appeals Council Action was *received by plaintiff on November 27, 2007*, making the complaint untimely if filed after January 28, 2008.[1]

The Commissioner argues that the complaint fails to state a claim upon which

---

[1]  The 60th day after November 27, 2007 was January 26, 2008, a Saturday, making the filing deadline Monday, January 28.  If plaintiff is given the five additional presumptive days for mailing provided by 20 C.F.R. § 422.210(c), the last day for filing the complaint was January 31, 2008.  Since plaintiff alleges he received the Notice on the same day it was issued, the five days may not be available.  It makes no difference, because neither deadline was met.

*Case No: 5:08cv46/RS/MD*

relief can be granted because the untimeliness of the action is not in dispute,[2] citing *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), which held that the 60 day period must ordinarily be enforced against an untimely filing, but that it is not jurisdictional, and equitable tolling would be available in some circumstances.  Even so, "the 60-day limit . . . is a condition on the waiver of sovereign immunity and thus must be strictly construed."  *Bowen v. City*, 476 U.S. 479, 106 S.Ct. 2029.  Consequently, if plaintiff is not entitled to equitable tolling, the 65 day period may not be extended.

Plaintiff has altogether failed to respond to the Commissioner's motion or to the court's order converting the motion to a motion for summary judgment, and therefore makes no claim to be entitled to equitable tolling.  It is therefore undisputed that this action, filed on February 14, 2008, was untimely and that the Commissioner is entitled to judgment as a matter of law.

For the foregoing reasons, it is respectfully RECOMMENDED that defendant's motion to dismiss (doc. 13), treated as a motion for summary judgment under Rule 56(b) Fed. R. Civ. P., be GRANTED, and that judgment be entered for defendant.

At Pensacola, Florida this 12th day of August, 2008.

/s/ *Miles Davis*
 MILES DAVIS
 UNITED STATES MAGISTRATE JUDGE

---

[2]  The affidavit filed by the Commissioner confirms the critical dates.

Case No: 5:08cv46/RS/MD

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:08cv46/RS/MD*